**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUSQUEHANNA LEGAL AID FOR ADULTS AND YOUTH, | No. 4:26-CV-00849 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| UNION COUNTY CRIMINAL JUSTICE ADVISORY BOARD, UNION COUNTY MENTAL HEALTH ADVISORY COMMITTEE, JUDGE JEFFREY ROWE, INDIVIDUALLY AND IN HIS NON-JUDICIAL CAPACITY, JUDGE MICHAEL PIECUCH, INDIVIDUALLY AND IN HIS NON-JUDICIAL CAPACITY, JOHN DOES 1-20, MEMBERS OF THE CRIMINAL JUSTICE ADVISORY BOARD, AND JOHN DOES 21-40, MEMBERS OF THE MENTAL HEALTH ADVISORY COMMITTEE, | |
| Defendants. | |

**MEMORANDUM OPINION**

**JUNE 24, 2026**

## I.   BACKGROUND

Plaintiff Susquehanna Legal Aid for Adults and Youth ("SLAAY") initiated

this action in the Court of Common Pleas of Union County on March 4, 2026,

asserting constitutional and statutory claims arising from its alleged exclusion from

certain county advisory bodies.[1] The Union County Criminal Justice Advisory Board and Union County Mental Health Advisory Committee ("Defendants") subsequently removed the matter to this Court on April 2, 2026.[2]

On April 9, 2026, Defendants filed a motion to dismiss and a supporting brief.[3] Plaintiff filed no response. Consequently, on May 15, 2026, this Court entered an Order directing Plaintiff to respond to the pending motion no later than May 29, 2026, and expressly warned that failure to do so would result in the motion being deemed unopposed and the Court's consideration of dismissal under Federal Rule of Civil Procedure 41(b).[4]

Plaintiff did not respond. Nor did Plaintiff request an extension of time, seek reconsideration of the Court's Order, or otherwise prosecute this action. Because Plaintiff has failed to prosecute its claims, dismissal under Rule 41(b) is appropriate.

## II.    LAW

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action when a plaintiff fails to prosecute or fails to comply with the Federal Rules of Civil Procedure or a court order.[5] The rule further recognizes the

---

[1]    *See* Doc. 1-2.
[2]    Doc. 1 ¶¶ 1-6.
[3]    *See* Docs. 4, 5.
[4]    *See* Doc. 6.
[5]    Fed. R. Civ. P. 41(b).

district court's inherent authority to dismiss an action *sua sponte* for failure to prosecute.[6]

Before dismissing an action under Rule 41(b), courts within the Third Circuit must balance the six factors ("*Poulis* factors") identified in *Poulis v. State Farm Fire & Casualty Co.*[7] Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[8]

In conducting this analysis, "no single *Poulis* factor is dispositive" and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint."[9]

## III.   ANALYSIS

The *Poulis* factors weigh in favor of dismissal of Plaintiff's complaint. Each factor is discussed in turn.

### A.   The extent of the party's personal responsibility.

The first *Poulis* factor weighs heavily in favor of dismissal. The United States Court of Appeals for the Third Circuit has distinguish between attorney misconduct

---

6   *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).
7   747 F.2d 863 (3d Cir. 1984).
8   *Id.* at 868-69.
9   *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (internal quotation marks omitted).

and client misconduct.[10] Here, however, Plaintiff is a legal-services organization represented by its own counsel, Paige Martineau, Esq.[11] Thus, Plaintiff itself bears responsibility for prosecuting this action and is not subject to decisions made by counsel that are without its control.

After Defendants filed their Motion to Dismiss on April 9, 2026, Plaintiff failed to file any response.[12] This Court thereafter entered an Order directing Plaintiff to respond no later than May 29, 2026.[13] Plaintiff failed to respond to that Order and offered no explanation for its noncompliance. Because Plaintiff bears sole responsibility for these failures, this factor strongly favors dismissal.[14]

### B.    Prejudice to the adversary.

The second *Poulis* factor also favors dismissal. Prejudice includes the burden imposed by a party's failure to move litigation toward resolution.[15] Defendants removed this action to federal court and promptly moved to dismiss the complaint.[16]

---

[10]    *See Poulis*, 747 F.2d at 868.

[11]    *Martineau v. Am. Bar Ass'n*, No. 4:25-CV-01848, 2025 WL 2969152, at *2 (M.D. Pa. Oct. 17, 2025); *See also* John Beauge, *Emergency Law License Suspension Sought for Central Pa. Attorney After String of Complaints*, PENNLIVE, Feb. 19, 2026, https://www.pennlive.com/news/2026/02/emergency-law-license-suspension-sought-for-central-pa-attorney-after-string-of-complaints.html (last visited June 16, 2026) (stating "Paige J. Martineau, who operates Susquehanna Legal Aid for Adults and Youths (SLAAY) in Williamsport . . .").

[12]    Docs. 4, 5.

[13]    Doc. 6 at 2.

[14]    *Cf. Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (noting that since Plaintiff was proceeding *pro se*, his failure to comply with a court order was his responsibility).

[15]    *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003).

[16]    Docs. 1, 4, 5.

Plaintiff's refusal to respond has required Defendants to continue defending an action that Plaintiff appears unwilling to prosecute. Plaintiff's inaction has also impeded the efficient resolution of the litigation and unnecessarily prolonged the proceedings. Accordingly, this factor weighs in favor of dismissal.

### C.    A history of dilatoriness.

The third *Poulis* factor, history of dilatoriness, is neutral, as the case is in its early stages and there is no such history to consider.[17]

### D.    Whether the conduct was willful or in bad faith.

The fourth *Poulis* factor also weighs heavily in favor of dismissal. The Third Circuit has held that "willfulness involves intentional or self-serving behavior."[18] The Third Circuit has also held that willfulness, and not mere negligence or inadvertence, occurs when a party fails to comply with court orders, resulting in the prolongment of proceedings.[19] Although a court need not find subjective bad faith, dismissal is appropriate where the record demonstrates deliberate disregard of litigation obligations.[20]

This Court expressly advised Plaintiff that failure to respond could result in dismissal proceedings pursuant to Rule 41(b).[21] Despite that warning, Plaintiff

---

[17]  *See Poulis*, 747 F.2d at 868-69 (asserting that no single factor is dispositive, and not all factors must weigh in favor of dismissal before dismissal may be imposed).

[18]  *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994).

[19]  *Emerson*, 296 F.3d at 191.

[20]  *Id.*

[21]  Doc. 6 at 2.

neither filed a response nor requested additional time. Plaintiff likewise failed to communicate with this Court in any fashion following entry of the May 15, 2026 Order. Given Plaintiff's status as a legal-services organization and Ms. Martineau's position as a licensed attorney, this Court cannot attribute Plaintiff's failure to respond to unfamiliarity with federal civil procedure. Rather, the record supports the conclusion that Plaintiff consciously disregarded its obligations. Accordingly, this factor strongly favors dismissal.

### E.    The effectiveness of alternative sanctions.

The fifth *Poulis* factor favors dismissal. Before dismissing an action, courts must consider whether lesser sanctions would adequately address the misconduct.[22] This Court concludes that alternative sanctions would be ineffective. Plaintiff ignored a dispositive motion and subsequently ignored a Court Order. Plaintiff has already demonstrated an unwillingness to participate in the litigation and under these circumstances, no sanction short of dismissal appears capable of moving this case to conclusion.

### F.    The meritoriousness of the claim or defense.

The sixth *Poulis* factor weighs in favor of dismissal. In assessing the meritoriousness factor, the Court need not definitively resolve the merits of the

---

[22]    *Poulis*, 747 F.2d at 869.

underlying claims. Rather, the Court must determine whether the allegations of the pleadings, if established at trial, would support recovery.[23]

In their brief in support, Defendants assert substantial arguments challenging both the procedural and substantive viability of Plaintiff's claims.[24] Defendants contend that Plaintiff failed to effect proper service under Pennsylvania law prior to removal and has not remedied that deficiency following removal.[25] Defendants further argue that the Union County Criminal Justice Advisory Board and Union County Mental Health Advisory Committee are not "persons" subject to suit under 42 U.S.C. §§ 1983, 1985, or 1986.[26] Defendants also challenge the sufficiency of Plaintiff's constitutional and statutory claims on multiple additional grounds.[27]

Having reviewed the complaint, the motion to dismiss, and Defendants' supporting papers, this Court concludes that Defendants have raised substantial questions regarding whether Plaintiff can maintain the causes of action asserted in this case. Plaintiff's failure to file a response has left those arguments entirely unrebutted despite being afforded an opportunity to do so.[28] Accordingly, this Court finds that the sixth *Poulis* factor weighs in favor of dismissal.

---

[23] *Poulis*, 747 F.2d at 869-70.
[24] *See* Doc. 5.
[25] Doc. 5 at 5-6.
[26] Doc. 5 at 6-7.
[27] *See generally* Doc. 5 (specifically, subheadings C, D, E, F, and G).
[28] *See* Doc. 6 at 2.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

8